IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Linda Rock as Personal Representative for the Estate of Gerald Lindsay, | ) ) ) | C/A No. 4:19-cv-01433-SAL |
| Plaintiff, | ) ) | |
| v. | ) ) | **OPINION & ORDER** |
| Atlantic Specialty Insurance Company, Brentwood Services Administrators, Inc., and Michael Klug, | ) ) ) ) | |
| Defendants. | ) ) | |

This case arises from the alleged denial of insurance benefits under a group occupational accident insurance policy. The court has jurisdiction over the matter pursuant to 28 U.S.C. § 1332. Currently pending before the court is Defendants Atlantic Specialty Insurance Company, Brentwood Services Administrators, Inc., and Michael Klug's ("Defendants") motion to stay the action and compel arbitration. [ECF No. 20.] Having carefully considered the motion, response, reply, and applicable law, it is the judgment of this court that the motion be denied.

## BACKGROUND

Plaintiff Linda Rock as Personal Representative for the Estate of Gerald Lindsay ("Plaintiff") asserts breach of contract, negligence, bad faith, and reformation claims against Defendants related to the denial of insurance benefits. Plaintiff alleges that Gerald Lindsay entered into a contract for an occupational accident policy (the "Policy") when he was employed[1] by Sun Logistics. [ECF No. 7, Am. Compl. at ¶ 7.] On or about September 5, 2018, Gerald Lindsay was involved in a

---

[1] The parties note that there may be a dispute over whether Mr. Lindsay was an employee or an independent contractor of Sun Logistics, but that fact is not pertinent to the resolution of the pending motion.

1

motor vehicle accident, suffering death as a result. *Id.* at ¶ 9. Plaintiff claims that the Contract covered the resulting damages, that she submitted a claim to the third-party administrator, and, after failing to receive a response to a settlement demand, Plaintiff considered the claim denied. *Id.* at ¶¶ 10–17.

Plaintiff thereafter instituted this action by filing a complaint in the Horry County Court of Common Pleas. Defendants removed the case to this court on May 16, 2019. [ECF No. 1.] Plaintiff amended the pleading on June 7, 2019, ECF No. 7, Defendants Answer, ECF No. 14, and Defendants filed the motion that is the subject of this order, ECF No. 20.

## LEGAL ANALYSIS

The Policy at issue in this case is a group policy issued to Courier Industry Group Insurance Trust. [ECF No. 20 at ¶ 3, Ex. A.] In seeking to compel arbitration, Defendants rely on an arbitration provision in the Certificate of Insurance issued to Sun Logistics as a participating organization. *Id.* at Ex. A p.2. The Certificate describes the Policy but is not, in-and-of-itself, the Policy. *See id.* ("This Certificate describes the main features of the Policy, but the Policy is the only contract under which benefit payments are made."). The arbitration provision provides:

> **Arbitration.** Any contest to a claim denial and/or any dispute in connection with a claim under the **Policy** will be settled by arbitration which is pursuant to D.C. law and administered by the American Arbitration Association in accordance with its Commercial Arbitration Rules. Judgment on the award rendered by the arbitrator(s) which may include consequential or punitive damages, may be entered in any court having jurisdiction. The arbitration will occur at the offices of the American Arbitration Association nearest to **You** or the person claiming to be **Your** beneficiary. This provision does not apply if **You** or **Your** beneficiary is a resident of a state where the law does not allow binding arbitration in an insurance policy, but only if the **Policy** is subject to its laws. In such a case, binding arbitration does not apply.
>
> This Arbitration provision permanently bars the institution of any individual or class action lawsuit brought by **You** or **Your**

>> beneficiary. **You**, for yourself or any beneficiary, are waiving **Your** right to a trial in court, including the right to a jury trial.

*Id.* at p.17 (emphasis in original).

Defendants argue that the reference to District of Columbia (D.C.) law in the arbitration provision is a choice of law provision, mandating application of D.C. law here; the claims are arbitrable and the clause enforceable under D.C. law; and the litigation should, accordingly, be compelled to arbitration. [ECF No. 20.] In response, Plaintiff argues that because the Policy covered a consumer in South Carolina, South Carolina law applies; South Carolina law renders the arbitration provision unenforceable; and, even if applicable, D.C. law similarly holds arbitration provisions in insurance contracts unenforceable. [ECF No. 21.] In reply, Defendants contend that an express choice-of-law provision overrides the traditional choice-of-law rule and the D.C. statute does not apply here because the arbitration clause is not "binding" arbitration. [ECF No. 22.]

The first question this court must answer is which law applies—South Carolina or D.C. A federal court sitting in diversity applies the forum state's choice of law rules. *See Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 487 (1941); *Francis v. Allstate Ins. Co.*, 709 F.3d 362, 369 (4th Cir. 2013) ("A federal court sitting in diversity is required to apply the substantive law of the forum state, including its choice-of-law rules."). South Carolina is the forum state and, accordingly, this court will look to its choice-of-law rules. Under South Carolina's traditional choice-of-law rules, the "validity and interpretation [of a contract] is governed by the law of the place where it is made, the lex loci contractus." *Livingston v. Atlantic Coast Line R. Co.*, 180 S.E. 343, 345 (S.C. 1935). Where, however, "the parties to a contract specify the law under which the contract shall be governed, the court will honor this choice of law." *Nucor Corp. v. Bell*, 482 F. Supp. 2d 714, 728 (D.S.C. 2007); *Team IA, Inc. v. Lucas*, 717 S.E.2d 103, 108 (S.C. Ct. App. 2011

("Choice of law clauses are generally honored in South Carolina."); *see also* Restatement (Second) of Conflict of Laws § 192 (1971), cmt. (h) ("Choice-of-law provisions contained in group life insurance policies are more likely to be given effect than in the case of ordinary life insurance."); *Bynum v. Prudential Ins. Co. of Am.*, 77 F. Supp. 56, 61 (E.D.S.C. 1948) (noting "most courts hold that the certificate issued to an employee under the master policy is not the contract of insurance . . . , but that the rights of the parties are governed and controlled by the law of the state in which the master policy is executed and delivered").

In this case, the parties appear to be in agreement that the arbitration clause chooses the law of D.C. to apply to arbitration.[2]  Under South Carolina law, this court must apply the choice of law

---

[2] Neither party addresses the Federal Arbitration Act ("FAA"), but given that an insurance contract is within the scope of the FAA and federal policy favors the arbitration of disputes, the court feels compelled to address it. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983).  Presumably, Defendants do not raise the FAA because of their contention that the arbitration clause references D.C. law.  The Supreme Court has "squarely rejected the argument that a federal court should read a contract's general choice-of-law provision as invoking state law of arbitrability and displacing federal arbitration law." *Porter Hayden Co. v. Century Indem. Co.*, 136 F.3d 380, 382–83 (4th Cir. 1998) (referencing *Mastrobuono v. Shearson Lehman Hutton, Inc.*, 514 U.S. 52 (1995)).  The choice-of-law provision relied upon by Defendants in this case, however, appears within the arbitration clause itself.  In such instances, the question becomes whether the reference to state law is the parties' manner of "specify[ing] by contract the rules under which that arbitration will be conducted." *Volt Info. Sciences, Inc. v. Board of Trustees of Leland Stanford Junior Univ.*, 489 U.S. 468, 479 (1989).  The court finds that the reference to arbitration proceeding "pursuant to D.C. law and administered by the American Arbitration Association" evidences an intent to apply D.C. arbitration rules.  Having found that the FAA is not applicable to the present case, this court will look to D.C. law to determine whether or not the case should be compelled to arbitration. *See Hamilton Life Ins. Co. of New York v. Republic Nat'l Life Ins. Co.*, 291 F. Supp. 225, 232–33 (S.D.N.Y. 1968) ("If the Federal Arbitration Act were not applicable to the present case, this Court would have jurisdiction by virtue of diversity of citizenship to decide this case under State law."). *Contra Porter Hayden Co. v. Century Indem. Co.*, 939 F. Supp. 424 (D. Md. 1996) (finding reference to "common law of the states of the United States" as a choice-of-law provision at most ambiguous; concluding FAA applies under *Mastrobuono*).

Even if the court were to decide that the language in the arbitration provision is more similar to *Mastrobuono* than to *Volt* and applied the FAA to preempt D.C. arbitration law, the outcome of this motion would very likely remain the same given "reverse preemption" under the McCarran-Ferguson Act. *See* 15 U.S.C. § 1012(b) (declaring that "[n]o Act of Congress shall be construed

clause absent a finding that "application of foreign law results in a violation of South Carolina public policy." *Nucor Corp.*, 482 F. Supp. 2d at 728.  Plaintiff's argument is limited to her contention that South Carolina law applies; she does not argue that application of D.C. law violates public policy.  In fact, Plaintiff notes that whether this court applies South Carolina or D.C. law, the result would be the same—a finding that the arbitration clause is unenforceable. [*See* ECF No. 21 at pp.4–5.]  Thus, without any identified violation of public policy, the court is compelled to apply D.C. arbitration law to decide the ultimate issue in this case, *i.e.*, whether the matter must be compelled to arbitration.

The court agrees with Plaintiff that D.C. law renders the arbitration provision unenforceable.  The District of Columbia's Revised Uniform Act[3] governing arbitration provides: "Any provision in an insurance policy with a consumer that requires binding arbitration is void and unenforceable." D.C. Code § 16-4403(c)(1).[4]  In response, Defendants argue that the statute does not apply to the provision in the Policy because the Policy "does not compel binding arbitration." [ECF No. 22 at p.5 (emphasis in original).]  According to Defendants, the Policy only "compels participation in arbitration." *Id.*  The court is constrained to disagree.  Even putting aside the lack of case law to

---

to invalidate, impair, or supersede any law enacted by any State for the purpose of regulating the business of insurance, . . . unless such Act specifically relates to the business of insurance."); *Gross v. Weingarten*, 217 F.3d 208, 222 (4th Cir. 2000) (It "precludes application of a federal statute in face of state law 'enacted . . . for the purpose of regulating the business of insurance,' if the federal measure does not 'specifically relat[e] to the business of insurance,' and would 'invalidate, impair, or supersede' the State's law." (quoting *Humana, Inc. v. Forsyth*, 525 U.S. 299, 307 (1999))). *See, e.g., American Health and Life Ins. Co. v. Heyward*, 272 F. Supp. 2d 578, 582–83 (D.S.C. 2003) (holding McCarran-Ferguson Act precludes application of the FAA to arbitration clauses contained in insurance policies governed by South Carolina law).

[3] Section 16-4403 applies only to arbitration agreements made on or after February 27, 2008.  D.C. Code § 16-4403(a).

[4] The court notes that even if it found that South Carolina arbitration law applies, the arbitration provision would be similarly unenforceable. S.C. Code Ann. § 15-48-10(b)(4) (including "[a]ny claim . . .to any insured or beneficiary under any insurance policy or annuity contract" as an exception to arbitration).

support this argument, the plain language of the arbitration provision refers to itself as "binding arbitration."  It states: "This provision does not apply if **You** or **Your** beneficiary is a resident of a state where the law does not allow *binding arbitration* in an insurance policy, but only if the **Policy** is subject to its laws. In such a case, *binding arbitration* does not apply." [ECF No. 20 at Ex. A, p.17 (bold in original; italics added).]  Moreover, the provision requires all disputes to be "settled by arbitration," with a "[j]udgment on the award rendered by the arbitrator." *Id.*  The court is unable to find that the mere reference to the fact that the resulting judgment "may be entered in any court having jurisdiction" somehow renders the arbitration non-binding. *Id.*

In sum, the court finds that there is an express choice-of-law provision contained within the arbitration provision at issue.  In accordance with the choice-of-law provision and South Carolina choice-of-law rules, this court must apply D.C. law to determine whether or not the case must be compelled to arbitration.  D.C. law renders any arbitration agreement contained within an insurance contract after February 27, 2008 void and unenforceable.  As a result, the arbitration provision at issue in this case is void and unenforceable under D.C. law.  The motion must be denied.[5]

## CONCLUSION

For all of the foregoing reasons, Defendants' motion to compel arbitration and stay the litigation, ECF No. 20, is **DENIED**.

**IT IS SO ORDERED.**

/s/ Sherri A. Lydon
United States District Judge

April 16, 2020
Florence, South Carolina

---

[5] Because this court concludes that the arbitration provision is void and unenforceable under D.C. law, the court does not reach Plaintiff's arguments regarding a non-signatory's claims and waiver.

6